UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE:
    JOHN E. BROCCOLI                    Case No.  17-10552
    Debtor                                       Chapter 13

JOHN E. BROCCOLI,

    Plaintiff,

v.                                               Adversary No. 17-01012

WEBSTER BANK, N.A.,

    Defendant,

## DEFENDANT WEBSTER BANK N.A.'S MOTION TO DISMISS

Defendant Webster Bank N.A. (the "Bank"), pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to bankruptcy proceedings by Federal Rule Bankruptcy Procedure 7012(b), moves to dismiss the Complaint (ECF No. 1, the "Complaint") filed by Plaintiff John E. Broccoli.  In support of this Motion, the Bank states as follows.

## INTRODUCTION

Plaintiff is serial bankruptcy filer,[1] having filed five skeletal bankruptcy petitions since November 2015 for the sole purpose of preventing the Bank's scheduled foreclosure sale of that certain real estate located at 23 Marigold Circle, North Providence, RI 02904 (the "Property"). Debtor's most recent bankruptcy filing (Docket No. 17-10552) is his fourth bankruptcy pending since April 7, 2016, with three prior bankruptcy cases having been dismissed since April 7, 2016 for reasons other than abuse under 11 U.S.C. § 707(b).  Pursuant to 11 U.S.C. § 362(c)(4) the

---

[1] On September 27, 2009, the Plaintiff, by and through Counsel, filed a skeletal petition for Chapter 7 Case with the Bankruptcy Court (Docket No. 09-13742). The Plaintiff was discharged on June 1, 2010 and the case closed on the same date.

-1-

Document      Page 2 of 9

automatic stay did not go into effect in this case, so a foreclosure sale was held for the Property on April 11, 2017 at 4:00 p.m.

Plaintiff then filed his *pro se* Complaint against the Bank, requesting that this Court enter an order that "stay's [sic] any collection activity and either reverse the sale as moot, and, collect the $200,000, in avoidable penalties; mental distress, ignoring the LAW and MOREOVER, chronic absence of proof of service – where and when it counts." Further, the Complaint asks this Court to "create a first impression, innovative process of proof of service in a consistent method" and impose punitive damages of $200,000 against the Bank for Plaintiff's failed eyesight and lack of sleep. Plaintiff fails to present an adequate factual basis to support any claim for relief against Bank. Moreover, Plaintiff's Complaint fails to comply with the pleading requirements of Rule 8. As explained more fully below, Plaintiff's claims against the Bank fail as a matter of law and must be dismissed.

## STATEMENT OF FACTUAL ALLEGATIONS

1.  On September 27, 2009, the Debtor, by and through Counsel, filed a skeletal petition for Chapter 7 Case with the Bankruptcy Court (Docket No. 09-13742, the "First Case"). The debtor was discharged on June 1, 2010 and the case closed on the same date.

2.  On November 9, 2015, the Debtor filed a skeletal Chapter 13 petition, *Pro Se*, with the Bankruptcy Court (Docket No. 15-12165, the "Second Case") for the purpose of preventing Movant's foreclosure sale. The case was dismissed on January 5, 2016 upon the Debtor's Motion to Dismiss Case. The case was closed on February 2, 2016.

3.  On March 10, 2016, the Debtor filed a skeletal Chapter 13 petition, *Pro Se*, with the Bankruptcy Court (Docket No. 16-10404, the "Third Case") for the purpose of preventing Movant's foreclosure sale. The case was dismissed for failure to file missing documents on

April 18, 2016.  The case was closed on May 3, 2016.

4.  On July 21, 2016, the Debtor filed a skeletal Chapter 13 petition, *Pro Se*, with the Bankruptcy Court (Docket No. 16-11264, the "Fourth Case") for the purpose of preventing Movant's foreclosure sale.  The case was dismissed on July 29, 2016 for failure to comply with 7-Day Missing Documents Order.  The case was closed on August 15, 2016.

5.  On December 9, 2016, the Debtor filed a skeletal Chapter 13 petition, *Pro Se*, with the Bankruptcy Court (Docket No. 16-12118, the "Fifth Case") for the purpose of preventing Movant's foreclosure sale.  The case was dismissed on December 20, 2016 for failure to file missing documents.  The case was closed on January 11, 2017.

6.  On April 6, 2017, the Debtor filed a skeletal Chapter 13 petition, *Pro Se*, with the Bankruptcy Court (Docket No. 17-10552, the "Sixth Case") for the purpose of preventing Movant's foreclosure sale.  The case was dismissed on April 14, 2017 for failure to file missing documents.  The dismissal was vacated on April 25, 2017 and the case was reinstated.

7.  None of the prior cases was a Chapter 7 case dismissed pursuant to 11 U.S.C. § 707(b).

8.  No order has been issued under 11 U.S.C. § 362(c)(4)(B) imposing the stay in the present case.

9.  Accordingly, a foreclosure sale was held for the Property at 4:00 p.m. on April 11, 2017.  *Complaint*, Page 8.

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012(b), permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation omitted). "Allegations that 'are no more than conclusions, are not entitled to the assumption of truth.'" *In re Romeo*, No. A.P. 11-1007, 2011 WL 2441309, at *1 (Bankr. D.R.I. June 16, 2011) (quoting *Ashcroft*, 556 U.S. 662, 679).

II.     **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A CLAIM AGAINST BANK.**

   **1. Plaintiff's Request for Retroactive Imposition of the Automatic Stay**

Plaintiff's Complaint essentially asks this Court to impose a retroactive stay in the proceeding in order to reverse the foreclosure sale of Plaintiff's property conducted by the Bank, and stay any further collection activity against, notwithstanding the provisions of 11 U.S.C. § 362(c)(4)(A)(i), and impose punitive damages against the Bank for moving forward with its valid foreclosure sale.

>  Pursuant to 11 U.S.C. § 362(c)(4)(A)(i):
>
>  if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) **shall not go into effect upon the filing of the later case**… (emphasis added).

"With respect to debtors with two or more prior cases, Section 362(c)(4)(A)(i) clearly provides that 'the stay under subsection (a) shall not go into effect upon the filing of the later case.'" *Jumpp v. Chase Home Fin., LLC (In re Jumpp)*, 356 B.R. 789, 795 (B.A.P. 1st Cir. 2006); *See also, Nelson v. George Wong Pension Trust (In re Nelson)*, 391 B.R. 437, 446 (B.A.P. 9th Cir. 2008). Section 362(c)(4) "prevents the automatic stay from taking effect in a case filed by a debtor who has had two or more prior cases dismissed within the year." Alan N. Resnick & Henry J. Sommer, 3-362 *Collier on Bankruptcy* ¶ 362.06. "In practice, section 362(c)(4) operates much as a stay exception does under section 362(b), in that it prevents the stay from taking effect upon the commencement of the case." *Id*.

Here, Debtor is an individual who commenced his fourth bankruptcy after having three prior bankruptcy cases dismissed in the previous year, which cases were not dismissed for abuse under 11 U.S.C. § 707(b). Therefore, the automatic stay did not go into effect upon Plaintiff's most recent bankruptcy filing. While Plaintiff may request that this Court order the "stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose)…'' this can only be done "after notice and a hearing, and only if the Plaintiff demonstrates that the filing of this case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B). This Court has not issued such an order in this case. Even if the Court were to issue an order imposing the stay at some point in the future, the stay "shall be effective on the date of the entry of the order allowing the stay to go into effect." 11 U.S.C. § 362(c)(4)(C). The stay cannot be imposed retroactively. For that reason, Plaintiff claims regarding the retroactive application of the stay must be denied.

### 2. Plaintiff's Request for Punitive Damages

Plaintiff's demand for punitive damages should also be dismissed. "The nature of punitive or exemplary damages is twofold: to punish the tortfeasor whose wrongful conduct was malicious or intentional and to deter him or her and others from similar extreme conduct." *See Zarrella v. Minn. Mut. Life Ins. Co.*, 824 A.2d 1249, 1262 (R.I. 2003) (internal citations omitted). "The party seeking punitive damages has the burden of producing evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounts to criminality, which for the good of society and warning to the individual, ought to be punished." *Id.* (internal quotations omitted).

Here, Plaintiff's request for punitive damages lacks any basis in law. Plaintiff has failed to make any allegations of wrongful conduct, let alone any wrongful conduct that was extreme, malicious or intentional. The only conduct alleged by Plaintiff is the Bank's foreclosure sale of the Property following the Plaintiff's most recent bankruptcy filing, which was conducted, was not wrongful given that there was no stay in place at the time of the Bank's foreclosure sale.

### 3. Plaintiff Does Not State Any Other Causes of Action in his Complaint

To the extent Plaintiff's Complaint purports to make any other claims not addressed in this Motions, such claims should be denied. "Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, *i.e.,* the damages or other relief sought by the plaintiff. To comply with Rule 8, a complaint must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Randall v. Krollman*, No. CA 13-717 ML, 2014 WL 2480109, at *2 (D.R.I. June 3, 2014) (quoting *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957))). Although Plaintiff's *pro se* Complaint is held to a less stringent standard, his *pro se* status does not excuse him from complying with the Court's procedural rules. *See Randall*, 2014 WL 2480109, at *2 (citing *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.,* 209 F.3d 18, 23 n. 4 (1st Cir. 2000)).

Plaintiff's Complaint fails to allege any other coherent claim showing that he is entitled to any other relief requests. First, it does not allege any other claims by name. Second, even reading Plaintiff's Complaint liberally, it is overall confusing and does not inform the Court or the Bank as to the relevant facts that could support any other potential claims. *See Randall*, 2014 WL 2480109, at *2 ("'Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" (citations omitted)).

Moreover, the Complaint does not contain a short and plain statement showing that Plaintiff is entitled to any other relief, and it does not contain any factual or legal allegations that state any comprehensible and legally viable claims against the Bank. *See Reyes v. Providence Police Dep't*, No. CV 16-221S, 2016 WL 5724808, at *1 (D.R.I. Aug. 1, 2016), *report and recommendation adopted*, No. CV 16-221 S, 2016 WL 5716288 (D.R.I. Oct. 3, 2016) (dismissing plaintiff's pro se amended complaint with prejudice and reasoning that "even applying these liberal standards of review to Plaintiff's Amended Complaint, dismissal is required"); *Flores v. U.S. Atty. Gen.*, No. CA 14-24 S, 2014 WL 1453851, at *2 (D.R.I. Apr. 14, 2014) (holding that pro se plaintiff's "allegations in this Complaint are frivolous and fail to state any viable legal claims and should be summarily dismissed"). Accordingly, given Plaintiff's

failure to comply with the procedural rules and failure to state any other cognizable claim, the Complaint must be dismissed.

## CONCLUSION

WHEREFORE, Defendant Webster Bank, N.A. respectfully requests that this Court grant its Motion to Dismiss Complaint and grant such other and further relief as this Honorable Court deems proper.

Respectfully Submitted:

WEBSTER BANK, N.A.,
By its Attorneys,

*/s/ James G. Atchison*_____
James G. Atchison, Esq. (#7682)
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
jatchison@shslawfirm.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I, James G. Atchison, hereby certify that on May 12, 2017, I electronically filed the foregoing Motion to Dismiss with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System and that paper copies will be sent to those indicated as non-registered participants on this date.

<u>VIA FIRST CLASS MAIL:</u>

John E. Broccoli
23 Marigold Circle
North Providence, RI 02904
(*Pro Se* Plaintiff)

Gary L. Donahue, Esq.
Office of the United States Trustee
United States Courthouse
One Exchange Terrace, Suite 431
Providence, RI  02903

John Boyajian, Esq.
PO Box 2561
Providence, RI  02906

*/s/ James G. Atchison*