# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

___

| | |
|---|---|
| In re: John E. Broccoli,<br>         Debtor | BK No. 17-10552<br>Chapter 7 |

___

| | |
|---|---|
| John E. Broccoli,<br>         Plaintiff<br>v.<br>Webster Bank, N.A.,<br>         Defendant | A.P. No. 17-01012 |

___

### ORDER DISMISSING ADVERSARY PROCEEDING

Debtor John E. Broccoli brought this adversary proceeding against Webster Bank, N.A. ("Defendant") alleging breach of contract and wrongful foreclosure. *See* Amended Complaint (Doc. #20). On July 12, 2017, Mr. Broccoli's chapter 13 bankruptcy case was dismissed on the motion of the chapter 13 trustee because the total amount of Mr. Broccoli's scheduled unsecured debts exceeds the limit set by 11 U.S.C. § 109(e), making him ineligible to be a chapter 13 debtor. In the first instance, the Court must determine the impact of the dismissal of the underlying bankruptcy case on the viability of this related proceeding before this Court. After due consideration, the Court concludes that it no longer has subject matter jurisdiction over this adversary proceeding. *See Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96, 100 (1st Cir. 2004) (stating that courts are "duty-bound to inquire, *sua sponte*, even absent objection by any party," whether they have subject matter jurisdiction).

When Mr. Broccoli commenced this adversary proceeding, the outcome of his claims could have affected his bankruptcy estate and, therefore, so-called "related to" jurisdiction vested in this Court. *See Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case."). Such jurisdiction, however, is temporal, meaning that while the

bankruptcy court may have jurisdiction over property as of the commencement of a debtor's case, the court's jurisdiction generally disappears when that property is no longer property of the estate. *See id.*; *United States v. Fleet Nat'l Bank (In re Calore Express Co., Inc.)*, 288 B.R. 167, 169-70 (D. Mass. 2002).

"The dismissal of a bankruptcy case normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings. . . . This general rule is not without exceptions." *Melo v. GMAC Mortg., LLC (In re Melo)*, 496 B.R. 253, 256 (B.A.P. 1st Cir. 2013). A court should consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, comity, and fairness. *Travers v. Bank of America, N.A. (In re Travers)*, 507 B.R. 62, 73 (Bankr. D.R.I. 2014).

Evaluation of each of the four factors advises this Court against retaining jurisdiction over Mr. Broccoli's claims. First, as to judicial economy, absent the underlying bankruptcy case this is a dispute of no interest to anyone except the two named parties involved, and it no longer implicates the objectives of the Bankruptcy Code to justify its continuation in this Court. Additionally, this proceeding is in its beginning stages, with an amended complaint having been filed on July 3, 2017, no scheduling order having yet been entered, and little or no discovery yet conducted.[1] The claims are not dependent on the Bankruptcy Code so there is no waste of judicial resources in Mr. Broccoli having to assert his claims in a different judicial forum. Hence, judicial economy does not weigh in favor of retaining jurisdiction over this action.

Second, dismissing the adversary proceeding would result in only minor inconvenience to the parties, given the limited time expended in this case and the ease of refiling the action in a

---

[1] Defendant timely filed a Motion to Dismiss the Amended Complaint on July 13, 2017, and without leave of Court Mr. Broccoli filed on July 14, 2017, what he labeled as a "First Amended" Complaint.

non-bankruptcy judicial forum. Third, absent an underlying bankruptcy case, the claims arising in this litigation would be better adjudicated in another court. There are no bankruptcy-related issues to decide, and Mr. Broccoli's claims sound in state law. Consequently, comity does not weigh in favor of this Court retaining jurisdiction. Fourth, the Court can find no reason why requiring Mr. Broccoli to bring his state law claims in a non-bankruptcy forum would be unfair to either party.

In conclusion, this Court ceased to have jurisdiction over Mr. Broccoli's claims upon the dismissal of the underlying bankruptcy case, after which there no longer was a bankruptcy estate. Retention of jurisdiction would be inappropriate based on the facts and claims of this proceeding. The adversary proceeding is hereby dismissed.

Date: July 14, 2017                                By the Court,

                                                   *Diane Finkle*
                                                   _____
                                                   Diane Finkle
                                                   United States Bankruptcy Judge